IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES T. FARROW**                                                                                                        **PLAINTIFF**

**VERSUS**                                                                     **CASE NO. 1:05cv326LGJMR**

**SHERIFF GEORGE PAYNE, OFFICIALLY AND
IN HIS INDIVIDUAL CAPACITY; MAJOR WAYNE PAYNE,
OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY;
CAPTAIN PHILLIP TAYLOR, OFFICIALLY AND
IN HIS INDIVIDUAL CAPACITY; and MAJOR DIANNE
GATSON-RILEY, OFFICIALLY AND IN HER
INDIVIDUAL CAPACITY**                                      **DEFENDANTS**

## ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF MAJOR DIANNE GATSON-RILEY, OFFICIALLY AND IN HER INDIVIDUAL CAPACITY

COMES NOW Defendant, Major Dianne Gatson-Riley, in her Official and Individual Capacities, by and through her attorneys, Dukes, Dukes, Keating & Faneca, P.A., and first states that this matter has been stayed due to the ongoing criminal investigation (DN 25); however, out of an abundance of caution and pursuant to the Federal Rules of Civil Procedure, Defendant Riley files her Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint (DN 1), First Amended Complaint (DN 7), and Second Amended Complaint (DN 9), as follows, to wit:

### FIRST DEFENSE

To the extent he raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et. seq., including the notice requirements of §11-46-11.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

The Defendant specifically reserves and invokes all other rights and defenses available unto her, including but not limited to, those set forth in Rules 8(c), 12(b), and 19 of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in her favor.

## FOURTH DEFENSE

That at all times relevant to Plaintiff's claims, this answering Defendant acted in a reasonable manner and in good faith while in the course and scope of her employment and in the execution of her official duties, and therefore, this answering Defendant is immune from liability.

## FIFTH DEFENSE

AND NOW, in response to the allegations of the Complaint, this Defendant answers Paragraph by Paragraph as follows:

## PARTIES: PLAINTIFF

In response to the allegations of Paragraph 1 of the Complaint on Page 2, it is admitted that Plaintiff is currently incarcerated at the Harrison County Adult Detention Center (hereinafter "HCADC").  Defendant is without sufficient information to form a belief as to the remaining allegations.  Therefore, out of an abundance of caution, Defendant denies all remaining allegations.

## PARTIES: DEFENDANTS

In response to the allegations of Paragraph 2 of the Complaint on Page 2 and 2A, entitled "Parties: Defendants", Defendant will answer subsection by subsection as follows:

1. It is admitted that George Payne, Jr., is the Sheriff of Harrison County and his place of employment is located at the HCADC, 10451 Larkin Smith Drive, Gulfport, Mississippi, 39503.

2. It is denied that Diane G. Riley is employed with the HCADC.

3. It is admitted that Major Wayne Payne's place of employment is located at the HCADC, 10451 Larkin Smith Drive, Gulfport, Mississippi, 39503.

4. It is denied that Diane G. Riley is employed with the HCADC.

5. It is admitted that Major Wayne Payne's place of employment is located at the HCADC, 10451 Larkin Smith Drive, Gulfport, Mississippi, 39503.

6. It is admitted that Captain Phil Taylor's place of employment is located at the HCADC, 10451 Larkin Smith Drive, Gulfport, Mississippi, 39503.

7. Defendant is currently without sufficient information to form a belief as to the truth of the allegations against the unknown Defendants, and therefore, denies same.

## ADMINISTRATIVE REMEDIES

In response to the allegations contained in "Administrative Remedies Program" on Page 4 of the Complaint, Defendant answers subsection by subsection as follows:

  A.  Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection A of the Complaint.  Out of an abundance of caution, Defendant denies the allegations contained in subsection A of the "Administrative Remedies Program" of the Complaint.

  B.  Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection B of the Complaint.  Out of an abundance of caution, Defendant denies the allegations contained in subsection B of the "Administrative Remedies Program" of the Complaint.

  C.  Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection C of the Complaint, which includes subparts 1a, 1b, 1c and 2 of the "Administrative Remedies Program" of the Complaint.

## STATEMENT OF CLAIM

In response to the allegations contained in Paragraph 3 entitled "Statement of the Claim" on Page 5 of the Complaint, including its subparts, Defendant is without sufficient information to either admit or deny the allegations of Paragraph 3, and out of an abundance of caution, said allegations are denied.

## RELIEF

In response to the allegations contained in Paragraph 4 entitled "Relief" on Page 5 of the Complaint, Defendant denies all allegations contained therein and specifically denies that she is in any manner liable to Plaintiff for any sum or damages whatsoever.

**STATEMENT OF CLAIM**

In response to the allegations attached to the Complaint as Pages 5-A through 5-C and entitled "Statement of Claim", these allegations are hereby answered Paragraph by Paragraph as follows:

1. In response to the allegations contained in Subsection 1 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 1 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 1 of the "Statement of the Claim".

2. In response to the allegations contained in Subsection 2 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 2 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 2 of the "Statement of the Claim".

3. In response to the allegations contained in Subsection 3 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 3 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 3 of the "Statement of the Claim".

4. In response to the allegations contained in Subsection 4 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 4 of

the Complaint.  Out of an abundance of caution, Defendant denies the allegations contained in subsection 4 of the "Statement of the Claim".

    5.  In response to the allegations contained in Subsection 5 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 5 of the Complaint.  Out of an abundance of caution, Defendant denies the allegations contained in subsection 5 of the "Statement of the Claim".

    6.  In response to the allegations contained in Subsection 6 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 6 of the Complaint.  Out of an abundance of caution, Defendant denies the allegations contained in subsection 6 of the "Statement of the Claim".

    7.  In response to the allegations contained in Subsection 7 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 7 of the Complaint.  Out of an abundance of caution, Defendant denies the allegations contained in subsection 7 of the "Statement of the Claim".

    8.  In response to the allegations contained in Subsection 8 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 8 of the Complaint.  Out of an abundance of caution, Defendant denies the allegations contained in subsection 8 of the "Statement of the Claim".

9. In response to the allegations contained in Subsection 9 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 9 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 9 of the "Statement of the Claim".

10. In response to the allegations contained in Subsection 10 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 10 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 10 of the "Statement of the Claim".

11. In response to the allegations contained in Subsection 11 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 11 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 11 of the "Statement of the Claim".

12. In response to the allegations contained in Subsection 12 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 12 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 12 of the "Statement of the Claim".

13. In response to the allegations contained in Subsection 13 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 13

of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 13 of the "Statement of the Claim".

      14. In response to the allegations contained in Subsection 14 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 14 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 14 of the "Statement of the Claim".

      15. In response to the allegations contained in Subsection 15 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 15 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 15 of the "Statement of the Claim".

      16. In response to the allegations contained in Subsection 16 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 16 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 16 of the "Statement of the Claim".

      17. In response to the allegations contained in Subsection 17 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 17 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 17 of the "Statement of the Claim".

18. In response to the allegations contained in Subsection 18 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 18 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 18 of the "Statement of the Claim".

19. In response to the allegations contained in Subsection 19 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 19 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 19 of the "Statement of the Claim".

20. In response to the allegations contained in Subsection 20 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 20 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 20 of the "Statement of the Claim".

21. In response to the allegations contained in Subsection 21 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 21 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 21 of the "Statement of the Claim".

22. In response to the allegations contained in Subsection 22 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 22

of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 22 of the "Statement of the Claim".

   23. In response to the allegations contained in Subsection 23 of the Paragraph entitled "Statement of the Claim", Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in subsection 23 of the Complaint. Out of an abundance of caution, Defendant denies the allegations contained in subsection 23 of the "Statement of the Claim".

All other allegations contained in Plaintiff's Complaint, which are not specifically numbered, are hereby denied.

## **FIRST AMENDED COMPLAINT (DN 7)**

AND NOW, in response to the allegations of the First Amended Complaint filed on July 25, 2005, Defendant answers paragraph by paragraph as follows:

In response to the paragraph entitled "Pendent Jurisdiction", there are no factual statements which require this answering Defendant's response; however, out of an abundance of caution, all said allegations are denied.

In response to the paragraph entitled "Demand for Jury Trial", there are no factual statements which require this answering Defendant's response; however, out of an abundance of caution, all said allegations are denied.

In response to the paragraph entitled "Amendment to Statement of the Facts", there are no factual statements which require this answering Defendant's response; however, out of an abundance of caution, all said allegations are denied.

In response to the first paragraph on Page 2 beginning with "Invoke Pendent Jurisdiction", Defendant would state that the allegations contained in this paragraph are

not directed to this answering Defendant; however, out of an abundance of caution, said allegations are denied.

In response to the second paragraph on Page 2 beginning with "Invoke Pendent Jurisdiction", Defendant would state that it is admitted that at all relevant times, Defendant Dianne Gatson-Riley was employed by the Harrison County Sheriff's Department, and she was at all relevant times on duty and acting within the course and scope of her employment, with all the duties and responsibilities that her position legally requires of her. Out of an abundance of caution, all remaining allegations contained this paragraph of the Complaint are denied.

In response to the first paragraph on Page 3 beginning with "Invoke Pendent Jurisdiction", Defendant would state that the allegations contained in this paragraph are not directed to this answering Defendant; however, out of an abundance of caution, said allegations are denied.

In response to the second paragraph on Page 3 beginning with "Invoke Pendent Jurisdiction", Defendant would state that the allegations contained in this paragraph are not directed to this answering Defendant; however, out of an abundance of caution, said allegations are denied.

In response to the allegations on Page 4 of the First Amended Complaint, these allegations are hereby answered Paragraph by Paragraph as follows:

1. In response to the allegations contained in paragraph 1 of Page 4, Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1; however, out of an abundance of caution, all said allegations are denied.

2. In response to the allegations contained in paragraph 2 of Page 4, Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in paragraph 2; however, out of an abundance of caution, all said allegations are denied.

3. In response to the allegations contained in paragraph 3 of Page 4, Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in paragraph 3; however, out of an abundance of caution, all said allegations are denied.

4. In response to the allegations contained in paragraph 4 of Page 4, Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in paragraph 4; however, out of an abundance of caution, all said allegations are denied.

5. In response to the allegations contained in paragraph 5 of Page 4, Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in paragraph 5; however, out of an abundance of caution, all said allegations are denied.

6. In response to the allegations contained in paragraph 6 of Page 4, Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in paragraph 6; however, out of an abundance of caution, all said allegations are denied.

7. In response to the allegations contained in paragraph 7 of Page 4, Defendant is currently without sufficient information to form a belief as to the truth of the allegations contained in paragraph 7; however, out of an abundance of caution, all said allegations are denied.

In response to the allegations on Page 5 of the First Amended Complaint beginning with "The mail inspector" and ending with "Gulfport, MS 39503", Defendant would state that the allegations contained on this entire page are not directed to the answering Defendant; however, out of an abundance of caution, said allegations are denied.

All other allegations contained in Plaintiff's First Amended Complaint, which are not specifically numbered are hereby denied.

## SECOND AMENDED COMPLAINT (DN 9)

AND NOW, in response to the allegations of the Second Amended Complaint filed on August 12, 2005, Defendant answers paragraph by paragraph as follows:

A. In response to the allegations contained in Paragraph A of Page 1, Defendant would state that the allegations contained in this paragraph are not directed to this answering Defendant; however, out of an abundance of caution, said allegations are denied.

B. In response to the second paragraph on Page 1 beginning with "Invoke Pendent Jurisdiction", Defendant would state that it is admitted that at all relevant times, Defendant was employed by the Harrison County Sheriff's Department, and she was at all relevant times on duty and acting within the course and scope of her employment, with all the duties and responsibilities that her position legally requires of her. Out of an abundance of caution, all remaining allegations contained this paragraph of the Complaint are denied.

C. In response to the first paragraph on Page 2 beginning with "Invoke Pendent Jurisdiction", Defendant would state that the allegations contained in this paragraph are

not directed to this answering Defendant; however, out of an abundance of caution, said allegations are denied.

    D.  In response to the second paragraph on Page 2 beginning with "Invoke Pendent Jurisdiction", Defendant would state that the allegations contained in this paragraph are not directed to this answering Defendant; however, out of an abundance of caution, said allegations are denied.

In response to the unnumbered paragraphs on Page 3, beginning with "The officers" and ending with "assaulted him", Defendant is currently without sufficient information to form a belief as to the truth of the allegations in the unnumbered paragraphs on Page 3; however, out of an abundance of caution, all said allegations are denied.

All other allegations contained in Plaintiff's Second Amended Complaint, which are not specifically numbered are hereby denied.

## **AFFIRMATIVE DEFENSES**

AND NOW, having answered the Complaint, the First Amended Complaint, and the Second Amended Complaint, the Defendant asserts the following affirmative defenses to be shown and proven at a trial or a hearing of this matter:

### I.

Defendant invokes the provisions of § 85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

II.

The Defendant pleads all applicable privileges and immunities under both state and federal law, including, but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity.  The Defendant states that she is protected by sovereign, absolute, and/or qualified immunity against any claims for penalties, damages, attorneys' fees, or any other damages as requested in the Plaintiff's Complaint, First Amended Complaint and Second Amended Complaint.

III.

To the extent the Complaint, First Amended Complaint and Second Amended Complaint raise any claim under Mississippi law, the Defendant specifically pleads all protections to which she is entitled pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendant's right to a bench trial; and all limitations on liability contained therein.

IV.

The Defendant would show that at all times while dealing with the Plaintiff or any other inmate at the HCADC, Defendant acted in a professional manner and conducted any and all of her interaction with the Plaintiff in accordance with the professional standards for inmate management and/or supervision.  Unusual treatment, if any, was a result of and was entirely justified by the legitimate penological needs of the HCADC in securing individuals who presented a risk to other inmates or jail staff due to their

criminal histories and their demonstrated efforts to act defiantly.  As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff's rights or any other provision of federal or state law.

**V.**

The Defendant specifically denies each and every material allegation of the Complaint, which has not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

**VI.**

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

**VII.**

That the Defendant reserves her right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of or in any manner related to this incident, including any reduction in potential criminal penalties or which otherwise served to reduce or mitigate Plaintiff's alleged damages. In addition or in the alternative, Defendant would affirmatively show that Plaintiff failed to mitigate his damages, and Defendant is therefore entitled to all appropriate setoffs and/or credits or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

**VIII.**

Defendant specifically pleads the doctrines of contributory and comparative negligence.

**IX.**

The Defendant would show that the Complaint, First Amended Complaint, and Second Amended Complaint, to the extent that they seek punitive or exemplary damages, violate certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates the Defendant's protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates the Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees the Defendant equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendant on the basis of wealth.

**X.**

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that the Defendant is subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

**XI.**

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged

17

constitutional deprivations of which Plaintiff complains, and therefore, he cannot maintain a claim against this Defendant pursuant to 42 U.S.C. §1983. The Harrison County Sheriff's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

**XII.**

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendant would show that the Complaint and Amended Complaint should be dismissed.

**XIII.**

The Defendant specifically invokes and pleads all defenses to which she may be entitled under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

**XIV.**

Defendant would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by Defendant were reasonable, proper, and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights.

**XV.**

Defendant would show that any and all actions taken on her part were in a good faith effort to maintain order and discipline at the HCADC.

**XVI.**

The Defendant further reserves the right to amend or supplement this Answer, Defenses, and Affirmative Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth her Answer, Defenses and Affirmative Defenses to the Complaint, First Amended Complaint and Second Amended Complaint, the Defendant respectfully requests that she be dismissed from this civil action with her proper costs.

RESPECTFULLY SUBMITTED, this the 27th day of March, 2007.

**MAJOR DIANNE GATSON-RILEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, Defendant**

BY:   **DUKES, DUKES, KEATING & FANECA, P.A.**

BY:   *s/Cy Faneca*
CY FANECA, MSB #5128

Cy Faneca,  MSB #5128
Haley Broom MSB #101838
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
228/868-1111
228/863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

>James T. Farrow, #263122
>Harrison County Adult Detention Center
>10451 Larkin Smith Drive
>Gulfport, Mississippi  39503

This, the 27th day of March, 2007.

>*s/Cy Faneca*
>CY FANECA