IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES T. FARROW                                                                                          PLAINTIFF

v.

Civil Action No.: 1:05cv326LGJMR

SHERIFF GEORGE PAYNE, OFFICIALLY AND
IN HIS INDIVIDUAL CAPACITY, et al.                                                    DEFENDANTS

**MOTION TO DISMISS PURSUANT TO RULE 41(b)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**COME NOW** the Defendants, Sheriff George Payne, in both his official and individual capacities, Major Wayne Payne in both his official and individual capacities, Captain Phillip Taylor in both his official and individual capacities and Major Dianne Gatson-Riley in both her official and individual capacities, by and through their attorneys, Dukes, Dukes, Keating & Faneca, P.A., and, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, move this court to dismiss the above styled action which was filed on July 1, 2005, by the Plaintiff, James T. Farrow ("Farrow"). In support thereof, the Defendants would respectfully show unto the court as follows:

1.     The above-styled and captioned civil action is a *pro se* civil rights action brought by Farrow against the Sheriff of Harrison County, Mississippi, George Payne; Major Wayne Payne; Captain Phillip Taylor and Major Dianne Gatson-Riley for alleged injuries which Farrow contends resulted from the use of excessive force against him during his incarceration at the

Page 1 of 6

Harrison County Adult Detention Center (herein sometimes referred to as the "Jail").

2.      On July 5, 2005, this court entered an order [3] which, *inter alia*, advised the plaintiff that the failure to timely advise the court of any change in address would be "deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed <u>sua sponte</u>, without prejudice, without further written notice." (emphasis in original)

3.      On July 12, 2005, this court entered two (2) orders, [5] and [6], both of which again repeated the above warning to Farrow.

4.      On July 27, 2005, this court entered an order [8] which again advised Farrow that he was obligated to inform the court of any change of address.

5.      On August 26, 2005, the court entered an order [10] which advised that "[i]t is the plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case."

6.      On or about December 19, 2005, this Court received returned mail addressed to Farrow as "Undeliverable". Approximately two (2) weeks thereafter, on January 4, 2006, Farrow notified the Court that his address had changed. Six (6) months later, Farrow again notified the court that his mailing address was once again the Jail by the filing of a change of address on July 6, 2006. The docket reflects that the last communication received from Farrow was on or about March 27, 2007, in a letter addressed to Chief United States Magistrate Judge John M. Roper.

7.      On September 26, 2007, this Court entered an order reopening this action, which was previously stayed as a result of an ongoing related criminal investigation and prosecution. The Court sent notification to Farrow that the case was reopened only for the Court's mail to be

returned to the court as "Undeliverable."

8. On November 7, 2007, the Defendants filed their Notice to Take Deposition of Plaintiff James T. Farrow and attempted to serve a true and correct copy of the notice on Farrow; however, the Defendants' mailing was returned as undeliverable as Farrow has been released as evidenced by a true and correct copy of the returned envelope attached hereto as **Exhibit "A"**.

8. Based upon the foregoing, the Defendants are informed and believe and thereon allege that Farrow's address has once again changed and Farrow has not notified the Court of his change of address. Without the foregoing information regarding Farrow's location, neither the Defendants nor the court can communicate with Farrow and this litigation cannot proceed. The court may dismiss an action with prejudice when "[t]he inability to proceed with th[e] litigation is directly attributable to [a] failure to notify the Court of [a] current address." *Jackson v. Richardson*, 1998 U.S. Dist. LEXIS 17086 at *3 (N.D. Tex. Oct. 23, 1998).

9. This court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabaash R.R. Co.*, 370 U.S. 626 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Notwithstanding, when "a dismissal without prejudice would be futile...because...the statute of

limitations ha[s] already run" on the claims raised, the Court properly dismisses an action with prejudice. *See Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985).

10.     Farrow is well-aware of his obligation to notify the court and opposing counsel of his current address and the consequences of failing to do so. The orders identified hereinabove clearly stated that it was Farrow's responsibility to notify the Court of any change of address and that his failure to do so may result in the dismissal of his case. Further, Farrow has on more than one occasion filed a notice of change of address with the court which clearly evidences his awareness of the importance of so doing.

11.     Farrow alleges to have suffered injuries on or about September 16, 2004. Accordingly, the statute of limitations on any claims which Farrow purports to have against the Defendants has already run and a dismissal without prejudice would be futile and a dismissal with prejudice would be proper.

12.     Due to the nature of the Defendants' motion herein, the Defendants respectfully request that the court waive the requirement that a separate memorandum of authorities be filed contemporaneously herewith.

IN CONSIDERATION OF THE FOREGOING, the Defendants respectfully request that this Court enter an order dismissing the above-styled and captioned action with prejudice for want of prosecution and failure to comply with the repeated orders of this Court. The Defendants further request any and all such other relief to which they may be entitled under the circumstances.

THIS the 27th day of November, 2007.

Respectfully submitted,

**GEORGE PAYNE, MAJOR WAYNE PAYE, CAPTAIN PHILLIP TAYLOR, and MAJOR DIANNE GATSON-RILEY, All in Their Official and Individual Capacities, Defendants**

By and Through Their Attorneys,

**DUKES, DUKES, KEATING & FANECA, P.A.**

By: *s/David N. Duhé*
Cyril T. Faneca, Mississippi Bar No. 5128
David N. Duhé, Mississippi Bar No. 102047

DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Sixth Floor
Post Office Drawer W
Gulfport, Mississippi 39502
Telephone: (228) 868-1111
Facsimile: (228) 863-2886
cy@ddkf.com
dduhe@ddkf.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served a true and correct copy of the above and foregoing pleading via United States mail, first class, postage fully prepaid addressed to the following:

>James T. Farrow, #263122
>Harrison County Adult Detention Center
>10451 Larkin Smith Drive
>Gulfport, Mississippi 39503
>***Pro Se Plaintiff***

SO CERTIFIED, this the 27th day of November, 2007.

s/ David N. Duhé
David N. Duhé
