IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES T. FARROW**                                                                              **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 1:05cv326-LG-JMR**

**GEORGE PAYNE, JR., DIANE G. RILEY,**
**WAYNE PAYNE, PHIL TAYLOR and JOHN DOES**             **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*, due to the failure of the Plaintiff to advise this Court of his change of address as well as Plaintiff's failure to comply with the Court's Order [33-1] to Show Cause. The Plaintiff was advised of his duty to inform the Court of any change of address when he filed his complaint on July 1, 2005. The Court notes that on October 23, 2007, the envelope containing it's Order [29-1] Re-opening the Case was returned and marked return to sender. *See* Docket Entry [30-1]. The Court further notes that on November 27, 2007, the Defendants filed a Motion [32-1] to Dismiss for Lack of Prosecution to which Plaintiff has yet to respond. On January 7, 2008, this Court entered an Order [33-1] to Show cause requiring the Plaintiff to show cause, no later than January 28, 2008, as to why this case should not be dismissed for failure to prosecute or otherwise inform this Court of his change of address. The Court cautioned Plaintiff that his failure to timely comply with the Order would be deemed as a purposeful delay and contumacious act by Plaintiff and would result in this cause being dismissed without prejudice and without further notice to Plaintiff. On January 24, 2008, mail containing the Court's Order [33-1] to Show Cause was returned by the post office as undeliverable. *See* Docket Entry [34-1].

Incarcerated plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil

Action No. 87-3951, 1988 WL 54768 *1 (E.D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey,* 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41 (b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962.) *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing the district court's Rule 41(b) discretion).

To date, the Plaintiff has failed to provide notice to the Court of a change of address or respond to the January 7, 2008, Order [33-1] to Show Cause. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Furthermore, this Court is of the opinion that the Plaintiff has failed to show cause why this case should not be dismissed. Therefore, this Court recommends that this cause be dismissed without prejudice for Plaintiff's failure to prosecute.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the 11th day of February, 2008.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE