UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT MISSISSIPPI
SOUTHERN DIVISION



JAMES FARROW                             PLAINTIFF
V                            CASE NO. 1:05CV326LG-JMR
GEORGE PAYNE, JR., DIANE G. RILEY
WAYNE PAYNE, PHIL TAYOR AND
JOHN DOES                                DEFENDANTS

BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

This is a § 1983 action filed by a prisoner at S.M.C.I. seeking damages, punitive damages for outstanding medical bills, and pain + suffering, and restrain from any further abuse.

On May 27 the plaintiff filed a request for production of documents pursuant to Rule 34, FRCP, as set forth in the plaintiffs affidavit. Defendants asked that the court extend the discovery and motion deadline for an additional 60 days on the 12 day of June 2008. And on July 1, 2008 defendants counsel asked plaintiff for three more weeks and on July 21, 2008 defendants counsel refused plaintiff effort to call on phone about discovery.

# 1

The rules provide that responses and objections to request for production of documents are to be served within 30 days of the request unless the court grants a shorter or longer time rule 34 Fed. R. Civ. P. The Defendants, however waited without obtaining or even seeking permission from the court or agreement from the plaintiff for this delay.

It is well established in federal practice that "Discovery objections are waived if a party fails to object timely to interrogatories, production request, or other discovery efforts" Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 1990); Accord, Demary v. Yamaha Motor Corp., 125 F.R.D. 20, 22 (D. Miss. 1989) and cases cited; Krewson v. City of Quincy, 120 F.R.D. 6, 7 ~~[redacted]~~ (D. Mass. 1988); Cephas v. Busch, 47 F.R.D. 371, 373 (E.D. P.A. 1969); Sturdevant v. Sears, Roebuck + Co., 32 F.R.D. 425 (W.D. Mo. 1963). This waiver is enforced even if the objections are based on a claim of privilege. Marx v. Kelly, Hart + Halman, P.C., 929 F.2d 8, 12 (1st Cir. 1991); Fretz v. ~~[redacted]~~ Keltner, 109 F.R.D. 303, 309 (D. Kan. 1986)

AND CASES CITED; CARDOX CORP. V. OLIN MATTHIESEN CHEMICAL CORP., 23 F.R.D. 27, 31 (S.D. Ill 1958). THE NONCOMPLYING PARTY IS EXCUSED FROM THE WAIVER ONLY IF THE DISCOVERY IS "PATENTLY IMPROPER," GOOSEY V. UNITED STATES, 133 F.R.D. AT 113, OR IF IT "FAR EXCEEDS THE BOUNDS OF FAIR DISCOVERY," KREWSON V. CITY OF QUINCY, 120 F.R.D. AT 7.

11

Rule 26, FED. R. CIV. P, PERMITS DISCOVERY OF MATTER "RELEVANT TO THE SUBJECT MATTER INVOLVED IN THE PENDING ACTION....IT IS NOT GROUND FOR OBJECTION THAT THE INFORMATION SOUGHT WILL BE INADMISSIBLE AT THE TRIAL IF THE INFORMATION SOUGHT APPEARS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE." IN THE DISCOVERY STAGE, RELEVANCE IS CONSTRUED BROADLY TO ENCOMPASS ANY MATTER THAT BEARS ON, OR THAT REASONABLY COULD LEAD TO OTHER MATTER THAT COULD BEAR ON, ANY ISSUE THAT IS OR MAY BE IN THE CASE." OPPENHEIMER FUND, INC. V. SANDERS, 437 U.S. 340, 351, 98 S. CT 2380 (1978) (FOOTNOTE OMITTED); ACCORD,

Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992). Discovery requests should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." La Chemise Lacoste v. Alligator Co., Inc 60 F.R.D. 164, 171 D. Del. 1973); see Nash v. Thielke, 743 F. Supp. 130 (E.D. Wis. 1990) (The plaintiff was entitled to an officer's urine test results, since the officer's sobriety during the incident was an issue in the case).

## Conclusion

For the foregoing reasons, the court should grant plaintiff's motion to compel discovery

Respectfully submitted,

James Farrow #164111
S.M.C.I., E-1, A Zone, Bed 54
P.O. Box 1419
Leakesville, MS 39451