IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES T. FARROW | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL ACTION NO. 1:05CV326-LG-JMR |
| | § | |
| GEORGE PAYNE, JR., DIANE G. RILEY, | § | |
| WAYNE PAYNE, PHIL TAYLOR, | § | |
| and JOHN DOES | § | DEFENDANTS |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Report and Recommendation [91] entered by Chief United States Magistrate Judge John M. Roper on October 21, 2008. Judge Roper recommends that this Court grant the Motion for Summary Judgment [73] filed by the defendants, George Payne, Jr., Diane G. Riley, Wayne Payne, and Phil Taylor. The plaintiff, James T. Farrow, filed a Notice of Appeal of the Report and Recommendation, which this Court has construed as an Objection to the Report and Recommendation.

The plaintiff filed this lawsuit, asserting that he was assaulted by officers at the Harrison County Adult Detention Center. It is undisputed that the defendants to this lawsuit were not involved in the alleged assault, but the plaintiff contends that they failed to properly train and adequately supervise the officers that assaulted him. The defendants filed a Motion seeking summary judgment as to the plaintiff's claims filed against them in both their individual and official capacities.

Judge Roper recommends that the Motion for Summary Judgment be granted as to the official capacity claims because there was no evidence that the defendants failed to properly train or supervise the officers involved in the alleged assault. Additionally, Judge Roper found that the plaintiff's claim that the jail had a policy of condoning or permitting abuse at the time of the alleged assault was without merit because the plaintiff solely relied on assaults that occurred after

his alleged assault. The plaintiff submitted no evidence that the other assaults occurred prior to the alleged assault at issue. Judge Roper also found that the plaintiff cannot prove that the alleged failure to train and supervise amounted to deliberate indifference. As for the plaintiff's claims against the defendants in their individual capacities, Judge Roper found that they are entitled to qualified immunity, because there was no evidence that the defendants acted unreasonably.

The plaintiff's Notice of Appeal does not state the reasoning behind his objection to Judge Roper's Report and Recommendation. Therefore, this Court has conducted a very thorough review of the plaintiff's response to the Motion for Summary Judgment and his Sur-rebuttal to the Motion. The plaintiff noted that the defendants had not given him discovery regarding prior assaults that may have occurred at the jail. However, there is no indication in the record that the plaintiff ever requested this information, and the plaintiff did not file a Motion to Compel the defendants to produce this information to him, even after receiving the defendant's Motion for Summary Judgment. Additionally, the Court notes that the plaintiff was given additional time to conduct discovery, and the deadline has now expired.

The plaintiff also makes arguments concerning claims that he attempted to assert in an amended complaint, including a claim that he contracted tuberculosis while an inmate at the jail. The plaintiff was given permission to file an amended complaint asserting these claims but chose not to file the complaint by the deadline imposed by the Court. The plaintiff also continues to make conclusory statements concerning other alleged assaults at the jail and alleges that the defendants condoned the abuse. However, he has not supported these allegations with any evidence.

After referral of hearing by this Court, the Court, having fully reviewed the Report and

Recommendation as well as the record in this matter, and being duly advised in the premises, finds that the Report and Recommendation should be adopted as the opinion of this Court. Therefore, the Court finds that the Motion for Summary Judgment should be granted as to the named defendants to this lawsuit. However, the Court notes that the plaintiff has been granted permission to name the John Doe defendants to this lawsuit. The Court will allow the plaintiff twenty days from the date of this Order to name those defendants in an Amended Complaint.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [91] entered by Chief United States Magistrate Judge John M. Roper on October 21, 2008, is **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion for Summary Judgment [73] filed by the defendants, George Payne, Jr., Diane G. Riley, Wayne Payne, and Phil Taylor is **GRANTED**. The plaintiff's claims against these defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiff is granted twenty days from the date of this Order to file an Amended Complaint naming the John Doe defendants to this lawsuit.

**SO ORDERED AND ADJUDGED** this the 20th day of November, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE