IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES FARROW                                                    PLAINTIFF

VERSUS                      CIVIL ACTION NO. 1:05cv326LG-JMR

RYAN TEEL, et. al                                    DEFENDANTS

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COMES now RYAN TEEL, by and through his undersigned counsel who makes a special notice of appearance for purposes of filing the instant motion, and moves to dismiss based on the following to wit:

**STATEMENT OF FACTS**

1. On July 1, 2005, Plaintiff filed a "Complaint" [1] in the above styled cause. Defendant Ryan Teel was not named as a Defendant in the complaint.

2. On July 25, 2005, Plaintiff filed a "First Amendment to Original Complaint." [7] Defendant Ryan Teel was not named as a Defendant in Plaintiff's "First Amendment to Original Complaint." [7]

3. On January 30, 2009, Plaintiff then filed a "Complete Amended Complaint." [105]. In Plaintiff's "Complete Amended Complaint" he named Ryan Teel as a Defendant.

4. Although Plaintiff's "Complete Amended Complaint" does not state the dates on which the Plaintiff alleged his cause of action arose from, Plaintiff's "First Amendment to Original Complaint" [7] states that the events of which he complaint occurred "[i]n the middle of a hurricane on or about Sept. 16, 2004."[1]

---

[1] Plaintiff's "First Amendment to Original Complaint, Pp. 4, ¶ 1.

## SUMMARY OF ARGUMENT

5.  Plaintiff's claim is barred by statute of limitations. The applicable statute of limitations for Plaintiff's cause of action is three (3) years. Plaintiff did not bring a claim against Defendant Ryan Teel until after the three (3) year statute of limitation period expired. Further, Plaintiff's claim can not be said to "relate back" to the Plaintiff's original pleading under Rule 15 of the Federal Rules of Civil Procedure because Rule 15(c)(1)© requires that Plaintiff service a copy of the summons and complaint within 120 days after the filing of the original complaint, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has failed to serve a copy of the summons and complaint on Defendant Ryan Teel within 120 days after filing his original complaint, thus his claim against Ryan Teel can not "relate back" under Rule 15 of the Federal Rules of Civil Procedure. Therefore Plaintiff's claims against Defendant Ryan Teel is due to be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## ARGUMENT

6.  In Plaintiff's "Complete Amended Complaint" [105], the Plaintiff does not cite a statute or any authority under which he seeks relief from Ryan Teel. However, for purposes of the instant motion, it is assumed by Defendant Teel that Plaintiff is asserting a cause of action against Teel under 42 U.S.C. § 1983. This assumption is premised on Plaintiff's assertions in his "Complete Amended Complaint" [105] where he states, "Defendants George Payne, Jr. et. al, failure to take action to curb the physical abuse of inmates violated the Plaintiff's rights under the U.S.

        Constitution and continued to an assault and batter understate law."[2]

7. In determining which statute of limitations applies to Section 1983 cases, the US Supreme Court has held that all Section 1983 claims shall be treated as tort claims for recovery of personal injuries. *Wilson v. Garcia,* 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) Further, if the state has various statutes of limitations for different intentional torts, the Supreme Court mandates that the state's general or residual personal injury statute of limitations should apply *Owens v. Okure,* 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989).

7. Miss.Code.Ann. § 11-1-49 provides the time limit for personal injury actions in Mississippi. The time limitation in Mississippi for personal injury actions is three (3) years.

8. Plaintiff's cause of action accrued on September 16, 2004, for purposes of determining whether he has complied with the applicable statute of limitations.

9. Plaintiff did not name Ryan Teel as a Defendant in the above styled cause until January 30, 2009. Plaintiff's failure to name Ryan Teel as a Defendant within the applicable three (3) year statute of limitations bars his claim against Defendant Ryan Teel.

10. Nor does Plaintiff's claim against Defendant Ryan Teel in his "Complete Amended Complaint" [105] "relate back" under Rule 15 of the Federal Rules of Civil Procedure because Defendant Ryan Teel was not served within 120 days after the initial complaint was filed. The initial complaint [1] in this cause was filed on May 1, 2008. Rule 15© is instructive, to wit:

---

[2] Plaintiff's "Complete Amended Complaint" Pp. 6, ¶ 3.

> **( c ) Relation Back of Amendments.**
> (1)    *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>     (A)    the law that provides the applicable statute of limitations allows relation back;
>     (B)    the amendment asserts a claim or defense that arose out of the same conduct, transaction or occurrence set out – or attempted to set out – in the original pleading; or
>     ©    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15©(1)(B) is satisfied **and if, within the period provided by Rule 4(m) for serving the summons and complaint**, the party to be brought in by amendment:
>         (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and
>         (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*FRCP 15(c)(Emphasis added).*

11. Rule 15(c)(1)© provides that when a party amends his pleading to changes a party's name, it must comport with Rule 4(m) of the Federal Rules of Civil Procedure with respect to serving the Defendant with a copy of the summons and complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides a 120 day time period on which the Plaintiff is to serve the Defendant with a copy of the summons and complaint.

12. Plaintiff is seeking to change the names of the parties in the above styled cause. In Plaintiff's "Complete Amended Complaint." [105]. Plaintiff states that "[s]ince the filing of the complaint the Plaintiff has determined that the names of the John Doe Defendants are ... ."[3]

13. Although no return of service has been filed with the Court in the above styled

---

[3] Plaintiff's "Complete Amended Complaint" Pp. 1, ¶ 2.

      cause, it appears that Defendant Ryan Teel was served with a copy of the summons and Plaintiff's "Complete Amended Complaint" on or about February 13, 2009.[4] However, Defendant Ryan Teel, at this time, does not admit that he was properly served with process under the Federal Rules of Civil Procedure.

12.     Plaintiff has failed to serve Defendant Ryan Teel within 120 days after the filing of his initial "Complaint" [1] on July 1, 2005. Further, even assuming that Defendant Ryan Teel was served with process on February 13, 2009, Defendant Ryan Teel was not served with process within 120 days of the original pleading Plaintiff filed on July 1, 2005. As such, Plaintiff's claims against Ryan Teel can not relate back under Rule 15(c)(1)© because Plaintiff can not show that he has complied with the 120 day time limit expressed in Rule 4(m) of the Federal Rules of Civil Procedure.

13.     <u>By filing this motion, Defendant Ryan Teel specifically reserves his right to make additional challenges under Rule 12(b) of the Federal Rules of Civil Procedure, and does not hereby waive his right to make such challenges</u>.

WHEREFORE, premises considered, Defendant Ryan Teel respectfully requests that his claim be dismissed for failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED, this the 5th day of March, 2009.

                                   RYAN TEEL,
                                   Defendant

                                   BY:   /s IAN A. BRENDEL
                                          IAN A. BRENDEL
                                          Attorney for RYAN TEEL

---

[4] **Defendant Ryan Teel is in no way is waiving his right to make a challenges based on insufficiency service of process or insufficient process under Rule 12(b) of the Federal Rules of Civil Procedure**.

## CERTIFICATE OF SERVICE

I, IAN A. BRENDEL, attorney at law, do hereby certify that the undersigned counsel of record has been notified via ECF:

James Farrow - #116411
S.M.C.I.
P. O. Box 1419
Leaksville, MS 39451

THIS the 5th day of March, 2009

BY: /s IAN A. BRENDEL
IAN A. BRENDEL

IAN A BRENDEL -  MS Bar # 102659
Law Offices of Jim Davis
1904 – 24th Avenue
P. O. Box 1839
Gulfport, MS  39502
Ph:  228/864-1588