UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES T. FARROW**                                                                    **PLAINTIFF**

**V.**                                                       **CAUSE NO. 1:05-cv-00326-LG-JMR**

**SONIA POLK, ET AL**                                                              **DEFENDANTS**

### MEMORANDUM BY DEFENDANT SONIA POLK
### IN SUPPORT OF MOTION TO DISMISS

*Pro se* Plaintiff James T. Farrow's claims against Defendant Sonia Polk arise out of an alleged incident that occurred on September 16, 2004. Plaintiff waited more than five years before filing the amended complaint that added Defendant Polk to this action. Plaintiff's federal law claims against Defendant Polk are barred by the three-year statute of limitations in Miss. Code Ann. § 15-1-49 (Rev. 2003). Plaintiff's state law claims against Defendant Polk are barred by the one year statute of limitations in Miss Code Ann. § 11-46-11(3) (Rev. 2002).

### Plaintiff's Original and Amended Complaints

Between July, 2005 and August, 2009, Plaintiff filed his original complaint, amended the complaint three times and asked to amend his complaint on another occasion.

### Original Complaint

Using the form provided to prisoners for making claims under 42 U.S.C. § 1983, Plaintiff, on July 1, 2005, filed his original complaint against George H. Payne, Jr., Diane G. Riley, Wayne Payne, Phil Taylor and "Unknown Defendants". [#1 at 1-3]. Plaintiff alleged

he was assaulted by unidentified officers on September 16, 2004 while he was incarcerated at the Harrison County Adult Detention Center (HCADC). [#1 at 7-9].

## First Amendment to Complaint

In response to the Court's Order to amend and supplement his complaint [#6], Plaintiff, on July 25, 2005, filed a "First Amendment to Original Complaint". [#7]. Plaintiff invoked this Court's pendant jurisdiction, alleged that the four named defendants had a duty to keep Plaintiff safe and to properly train and supervise their subordinates, asserted the incident occurred on September 16, 2004, and described the injuries received from the alleged assault. [#7 at 1-4]. Additionally, Plaintiff made a claim for interference with his mail against a person named "Chin" and a claim against a person named "Rogers" for denial of access to the courts, but neither Chin or Rogers were named as defendants. [#7 at 5].

## Second Amendment to Complaint

The Court again ordered Plaintiff to amend and supplement his claims. [#8]. On August 12, 2005, Plaintiff filed a pleading in response to the Court's Order and again invoked the Court's pendant jurisdiction, alleged the four named defendants had a duty to keep him safe and to properly train and supervise their subordinates, stated that he was suing the four named defendants because they supervised the officers who assaulted him, and admitted that he could not identify the officers who assaulted him or who knew about the assault. [#9 at 1-3].

### **Requested But Denied Amendment to Complaint**

At the April 9, 2008 status conference, the Court granted Plaintiff's request to amend his complaint to make claims about infectious disease, hernia and unsanitary conditions and ordered Plaintiff to file his amended complaint on or before April 23, 2008. [Docket Minute Entry, 4/9/2008]. However, Plaintiff did not file an amended complaint on or before April 23, 2008. Instead, on June 2, 2008, Plaintiff filed a motion to amend and supplement his complaint to allege a claim arising out of an incident that occurred on Thanksgiving Day in 2006. [#54 at 2-5]. The Court denied that motion because the new claim was not related to the original claim and because the new claim would require the addition of different unidentified officers as defendants. [#89].

### **Third Amendment to Complaint**

On August 25, 2008, Plaintiff filed a motion to add the names of those persons who had been identified in the original complaint as "John Doe" defendants. [#84 at 1-2]. The Court granted that motion on September 26, 2008. [#88], but when Plaintiff did not file the amended complaint, the Court on December 9, 2008 ordered Plaintiff to file an amended complaint setting forth the names of the persons previously identified as "John Doe" defendants. [#100].

On January 30, 2009, Plaintiff filed a "Complete Amended Complaint" and named Defendant Sonia Polk and 16 other defendants as the "John Doe" defendants. [#105 at 1]. On February 2, 2009, the Court ordered the Clerk to issue a summons for Defendant Polk and the other named defendants. [#107]. On March 3, 2009, Defendant Sonia Polk was served with

the summons and a copy of the original and the amended complaints. [#115]. On March 23, 2009, Defendant Polk filed her answer and affirmative defenses. Her Eighth Defense alleged Plaintiff's claims were barred by the applicable statute of limitations. [#118 at 2].

### Rule 12(b)(6) Criteria

> The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" . . .. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." . . .. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." . . ..

*In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th. Cir. 2007, *cert. denied*, *Chehardy vs Allstate Indemnity Co.*, ___. U.S. ___. 128 S. Ct. 1231, 170 L. Ed. 2d 63 (2008).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones vs Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003)(citing other authorities).

### Applicable Statute of Limitations

Plaintiff's federal law claim under 42 U.S.C. § 1983 is governed by the three-year statute of limitations in Miss. Code Ann. § 15-1-49 (Rev. 2003). *Hubbard vs Mississippi Conference of the United Methodist Church*, 138 F.Supp. 2d 780, 782 (S.D. Miss. 2001) (citing *Thomas vs City of New Albany*, 901 F.2d 476 (5th Cir. 1990)).

Defendant Sonia Polk was a nurse at the HCADC so any state law claims Plaintiff makes against her is governed by the one-year statute of limitations in Miss. Code Ann. § 11-46-11(3)(Rev. 2002).

**Factual Summary and Argument**

Plaintiff's original complaint alleges that on September 16, 2004, unidentified officers at HCADC assaulted him. Plaintiff names as defendants George H. Payne, Jr., Diane G. Riley, Wayne Payne and Phil Taylor but does not allege that any of those defendants participated in the assault. He also lists "unknown defendants" but does not describe what actions those unknown defendants took. The original complaint makes no expressed or implied allegation that Plaintiff was denied medical care. He alleges the unidentified officers took him to the clinic door, beat his head against the door and beat him before the nurse came into the detention block, and then alleges he was sent to the hospital and to the eye doctor. [#1 at 8-9]. There is nothing in the original complaint that identifies Defendant Polk or implies that she did anything to him. Plaintiff's first and second amendments to his original complaint contain no allegations which identify Defendant Polk or which allege denial of medical care. The first amendment states that he was allowed to go to the jail's clinic and that the doctor gave him hydrocortisone cream. [#7 at 4]. The second amendment contains no reference to medical care. [#9].

Plaintiff's denied request to amend his complaint made no claim related to medical care. It concerned an incident that occurred on Thanksgiving Day in 2006 when Plaintiff was allegedly denied his Thanksgiving meal and was placed in an unsanitary cell after that incident. [#54 at 3-4].

On December 19, 2008, Plaintiff filed his motion to amend his complaint for the sole purpose of providing the names of the defendants previously designated in the original

complaint as "unknown defendants" which in the motion are designated as "John Doe" defendants. [#1 at 3; #102 at 1]. On January 30, 2009, Plaintiff filed his third amended complaint where he identifies for the first time Defendant Sonia Polk as one of the " John Doe" defendants. [#105 at 1]. Plaintiff alleges that Defendant Polk is a nurse at HCADC but none of the allegations related to her expressly or impliedly assert that she denied Plaintiff medical care. Those allegations state:

> 21) Necaise and Teel beat me again on the floor jest [sic] before nurse Sonia Polk came in the detention block.
> 22) Had on handcuffs in each room.
> 23) I told nurse Sonia Polk about the beating.
> 24) She took me to Capt. Taylor.
> 25) I told nurse Sonia Polk and Capt. Taylor about the sexual battery and beatings.
> 26) Capt. Taylor said for nurse Sonia Polk to give me medical attention and for SGT. Thomas and SGT. Mathis that I saw was a man supervisor of the confrontation to take my report.
> 27) I was taken to the hospital by officers Jame Zugg, Jr. and Robert Miller hours later.

[#105 at 4].

These actions involving Defendant Polk all occurred on September 16, 2004. The amended complaint making these allegations was filed on January 30, 2009. To the extent these allegations imply a federal claim against Defendant Polk under 42 U.S.C. § 1983, that claim is barred by the three-year statute of limitations in Miss. Code Ann. § 15-1-49 (Rev. 2003).

To the extent these allegations imply a cause of action under state law, that claim is barred by the one-year statute of limitations in Miss. Code Ann. § 11-46-11(3)(Rev. 2002).

The amended complaint filed on January 30, 2009 does not relate back under F.R.C.P. 15(c) to Plaintiff's original complaint for two reasons.  First, it does not satisfy the notice requirement because it was not filed within the 120-day period provided under F.R.C.P. 4(m).  F.R.C.P. 15(c)(C)(i).

Second, it does not satisfy the "mistake" requirement of F.R.C.P. 15(c)(C)(ii).  The Fifth Circuit has held that an amended complaint which simply substitutes a named party for a "John Doe" defendant does not satisfy the "mistake" requirement of Rule 15(c).  *Whitt vs Stevens County*, 529 F.3d 278, 282-283 (5th Cir. 2008)("We have held, however, that an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c)."), citing, *Jacobsen vs Osbourne*, 133 F.3d 315, 320-21 (5th Cir. 1998)(Use of the "John Doe" designation does not constitute a "mistake" under Rule 15(c)).

For the foregoing reasons, Defendant Sonia Polk asks this Court to find that Plaintiff's claims against her are time-barred and, therefore, should be dismissed with prejudice.

    Respectfully submitted,

    SONIA POLK

    BY:  WATKINS & EAGER PLLC

    */s/ Robert H. Pedersen*
    Walter T. Johnson (MSB #8712)
    Robert H. Pedersen (MSB #4084)

**OF COUNSEL:**

Walter T. Johnson, Esq.
Robert H. Pedersen, Esq.
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street, Suite 300
P. O. Box 650
Jackson, Mississippi 39205
Phone:  (601) 965-1900
Fax:     (601) 965-1901
wjohnson@watkinseager.com
bpedersen@watkinseager.com
*Attorneys for Defendant Sonia Polk*

## CERTIFICATE OF SERVICE

I, Robert H. Pedersen, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Ian A. Brendel, Esq.
>LAW OFFICES OF JIM DAVIS
>P. O. Box 1839
>Gulfport, MS  39502
>ian.brendel@yahoo.com
>>*Attorney for Defendants Karl Stolze and Ryan Teel*
>
>Cyril T. Faneca, Esq.
>DUKES, DUKES, KEATING AND FANECA, P.A.
>P. O. Drawer W
>Gulfport, MS 39502
>cy@ddkf.com
>>*Attorneys for Defendant George H. Payne, Jr., Diane G. Riley, Wayne Payne, Phil Taylor, Ernest Thomas, Annie Kelly, Leslie Mathis, Mark Lawson, Elaine Lege, James Zugg, Jr., and Steve Campbell*

>Roland F. Samson, III
>SAMSON & POWERS, PLLC
>P. O. Box 1417
>Gulfport, MS 39502-1417
>rsamson@splawfirm.com
>>*Attorney for Dr. Larry Couvillon*

and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the above and foregoing pleading to the following non-ECF participants:

>James T. Farrow, #116411
>SMCI, U-11, Zone B, Bed 142
>P. O. Box 1419
>Leakesville, MS  39451
>>*Plaintiff, Pro Se*

   THIS the 23rd day of April, 2009.

/s/ Robert H. Pedersen