IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES FARROW                                                                           PLAINTIFF

VERSUS                           CIVIL ACTION NO. 1:05cv326LG-JMR

THOMAS WILLS, et. al                                                               DEFENDANTS

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES now Defendant Thomas Wills, by and through his undersigned counsel who makes a special notice of appearance for purposes of filing the instant motion, and moves to dismiss based on the following to wit:

### STATEMENT OF FACTS

1. On July 1, 2005, Plaintiff filed a "Complaint" [1] in the above styled cause. Defendant Thomas Wills was not named as a Defendant in the complaint.

2. On July 25, 2005, Plaintiff filed a "First Amendment to Original Complaint." [7] Defendant Thomas Wills was not named as a Defendant in Plaintiff's "First Amendment to Original Complaint." [7]

3. On January 30, 2009, Plaintiff then filed a "Complete Amended Complaint." [105]. In Plaintiff's "Complete Amended Complaint" he named Thomas Wills as a Defendant.

4. Although Plaintiff's "Complete Amended Complaint" does not state the date on which the Plaintiff alleged his cause of action arose, Plaintiff's "First Amendment to Original Complaint" [7] states that the events of which he complaint occurred

"[i]n the middle of a hurricane on or about Sept. 16, 2004."[1]

## SUMMARY OF ARGUMENT

Plaintiff's claim is barred by statute of limitations. The applicable statute of limitations for Plaintiff's cause of action is three (3) years. Plaintiff did not bring a claim against Defendant Thomas Wills until after the three (3) year statute of limitation period expired. Further, Plaintiff's claim can not be said to "relate back" to the Plaintiff's original pleading under Rule 15 of the Federal Rules of Civil Procedure because Rule 15(c)(1)© requires that Plaintiff service a copy of the summons and complaint within 120 days after the filing of the original complaint, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has failed to serve a copy of the summons and complaint on Defendant Thomas Wills within 120 days after filing his original complaint, thus his claim against Thomas Wills can not "relate back" under Rule 15 of the Federal Rules of Civil Procedure. Therefore Plaintiff's claims against Defendant Thomas Wills is due to be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## ARGUMENT

**I.     Plaintiff's Claim Against Thomas Will is time barred, and is due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

    **A.     The time limit for Plaintiff's claim is three (3) years.**

In Plaintiff's "Complete Amended Complaint" [105], the Plaintiff does not cite a statute or any authority under which he seeks relief from Thomas Wills. However, for purposes of the

---

[1] Plaintiff's "First Amendment to Original Complaint, Pp. 4, ¶ 1.

instant motion, it is assumed by Defendant Wills that Plaintiff is asserting a cause of action against Wills under 42 U.S.C. § 1983. This assumption is premised on Plaintiff's assertions in his "Complete Amended Complaint" [105] where he states, "Defendants George Payne, Jr. et. al, failure to take action to curb the physical abuse of inmates violated the Plaintiff's rights under the U.S. Constitution and continued to an assault and batter understate law."[2]

In determining which statute of limitations applies to Section 1983 cases, the US Supreme Court has held that all Section 1983 claims shall be treated as tort claims for recovery of personal injuries. *Wilson v. Garcia,* 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) Further, if the state has various statutes of limitations for different intentional torts, the Supreme Court mandates that the state's general or residual personal injury statute of limitations should apply *Owens v. Okure,* 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). Miss.Code.Ann. § 11-1-49 provides the time limit for personal injury actions in Mississippi. The time limitation in Mississippi for personal injury actions is three (3) years. As such, the applicable time limitation for Plaintiff's claim is three (3) years in this cause.

  **B.  Plaintiff's claim accrued on September 16, 2004**

Plaintiff's claim accrued on September 16, 2004. In Section 1983 cases, the Plaintiff's cause of action accrues when "plaintiff knows or has reason to know of the injury which is the basis for the action." *Lavellee v. Lisit,* 611 F.2d 1129, 1131 (5th Cir. 1980) citing *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir. 1975). In Plaintiff's "First Amendment to Original Complaint" [7] states that the events of which he complaint occurred "[i]n the middle of a hurricane on or about Sept. 16, 2004." As such, Plaintiff's claim accrued on September 16, 2004 for purposes of the

---

[2]Plaintiff's "Complete Amended Complaint" Pp. 6, ¶ 3.

3

determining whether Plaintiff's claim is time barred by the applicable statute of limitations.

    **C.**    **Plaintiff's claim against Defendant Will is time barred because he failed to file a claim against Defendant Wills within the three (3) year limitation period.**

Plaintiff's claim against Defendant Wills is time barred because he failed to file a claim against Defendant Wills within the applicable three (3) year statute of limitation time period. Plaintiff's cause of action accrued on September 16, 2004. Plaintiff did not name Thomas Wills as a Defendant in the above styled cause until January 30, 2009. As such, Plaintiff's claim is due to be dismissed.

    **D.**    **Plaintiff's claim does not "relate back" under Rule 15 of the Federal Rules of Civil Procedure**.

Plaintiff's claim against Defendant Thomas Wills in his "Complete Amended Complaint" [105] does not "relate back" under Rule 15 of the Federal Rules of Civil Procedure because Defendant Thomas Wills was not served within 120 days after the initial complaint was filed. The initial complaint [1] in this cause was filed on May 1, 2008. Rule 15© is instructive, to wit:

> **( c ) Relation Back of Amendments.**
> (1)   *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>     (A)    the law that provides the applicable statute of limitations allows relation back;
>     (B)    the amendment asserts a claim or defense that arose out of the same conduct, transaction or occurrence set out – or attempted to set out – in the original pleading; or
>     ©    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15©(1)(B) is satisfied **and if, within the period provided by Rule 4(m) for serving the summons and complaint**, the party to be brought in by amendment:
>         (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and
>         (ii)    knew or should have known that the action would have

>been brought against it, but for a mistake concerning the proper party's identity.

*FRCP 15(c)(Emphasis added).*

Rule 15(c)(1)© provides that when a party amends his pleading to changes a party's name, it must comport with Rule 4(m) of the Federal Rules of Civil Procedure with respect to serving the Defendant with a copy of the summons and complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides a 120 day time period on which the Plaintiff is to serve the Defendant with a copy of the summons and complaint.

Plaintiff is seeking to change the names of the parties in the above styled cause. In Plaintiff's "Complete Amended Complaint." [105]. Plaintiff states that "[s]ince the filing of the complaint the Plaintiff has determined that the names of the John Doe Defendants are ... ."[3]

Plaintiff has failed to serve Defendant Thomas Wills within 120 days after the filing of his initial "Complaint" [1] on July 1, 2005. It appears that Plaintiff served process on Defendant Wills on or about April 10, 2009 [138][4]. As such, and assuming service of process was proper under the Federal Rules of Civil Procedure, Defendant Thomas Wills was not served with process within 120 days of the original pleading Plaintiff filed on July 1, 2005. As such, Plaintiff's claims against Thomas Wills can not relate back under Rule 15(c)(1)© because Plaintiff can not show that he has complied with the 120 day time limit expressed in Rule 4(m) of the Federal Rules of Civil Procedure.

<u>By filing this motion, Defendant Thomas Wills specifically reserves his right to make</u>

---

[3]Plaintiff's "Complete Amended Complaint" Pp. 1, ¶ 2.

[4]Defendant Wills is not waiving his rights to makes challenges under Rule 12(b) for insufficiency of process.

additional challenges under Rule 12(b) of the Federal Rules of Civil Procedure, and does not hereby waive his right to make such challenges.

WHEREFORE, premises considered, Defendant Thomas Wills respectfully requests that his claim be dismissed for failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED, this the 1st day of May, 2009.

          Thomas Wills,
          Defendant

BY:   /s IAN A. BRENDEL
        IAN A. BRENDEL
        Attorney for Thomas Wills

## CERTIFICATE OF SERVICE

I, IAN A. BRENDEL, attorney at law, do hereby certify that the undersigned counsel of record has been notified via ECF:

James Farrow - #116411
S.M.C.I.
P. O. Box 1419
Leaksville, MS 39451

THIS the 1st day of May, 2009

BY: /s IAN A. BRENDEL
IAN A. BRENDEL

IAN A BRENDEL -  MS Bar # 102659
Law Offices of Jim Davis
1904 – 24th Avenue

P. O. Box 1839
Gulfport, MS  39502
Ph:  228/864-1588