**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JAMES T. FARROW**                                                                    **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO.  1:05cv326-LG-JMR**

**GEORGE PAYNE, JR., et al**                                                       **DEFENDANTS**
_____

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the following motions: a Motion [113-1] to Dismiss filed on behalf of Defendant Ryan Teel, and accompanied by a Memorandum [114-1] in Support; a Motion [123-1] to Dismiss filed on behalf of Defendant Larry Couvillon, and accompanied by a Memorandum [124-1] in Support; a Motion [133-1] to Dismiss filed on behalf of Defendant Karl Stolze, and accompanied by a Memorandum [134-1] in Support; a Motion [135-1] to Dismiss filed on behalf of Defendant Sonia Polk, and accompanied by a Memorandum [136-1] in Support; and a Motion [145-1] to Dismiss filed on behalf of Defendant Preston Wills, and accompanied by a Memorandum [146-1] in Support.  To date, Plaintiff has failed to file a Response in Opposition to any of the pending dispositive motions.  The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Defendants' Motions [113-1; 123-1; 133-1; 135-1; 145-1] should be granted and all claims should be dismissed with prejudice.

**STATEMENT OF THE CASE**

Plaintiff James T. Farrow ("Farrow")  filed this *pro se* Complaint on July 01, 2005, alleging violations of his civil rights, pursuant to 42 U.S.C. § 1983, while being held as a pretrial detainee in the Harrison County Adult Detention Center ("HCADC").  Specifically, Farrow alleges that he

was subjected to excessive force in violation of his rights under the Fourteenth Amendment Due Process Clause. In the early morning hours of September 16, 2004, Farrow and other inmates were subjected to a "shakedown" of the area in which they were being housed. *See* Exhibit "2" attached to Motion [73-4]. During the search, Farrow and the other inmates were requested to face the wall with their hands on top of their heads. Farrow allegedly refused to comply with the officers' requests, and he was subsequently involved in an altercation with the officers. *Id.*

Farrow alleges that he was beaten and kicked during the altercation. *Id.* Specifically, Farrow alleges that the beatings continued after he had been handcuffed and restrained. Farrow further alleges that, during the struggle, officers pulled down his pants and sprayed his genitals with pepper spray. *Id; see also* Complaint. After Farrow was restrained, the officers transferred Farrow to lock-down. Farrow alleges that the officers continued to beat him during the transfer, and that two officers rammed his head into a metal door in order to open it. Farrow further alleges that he was rendered unconscious from the beating. *See* Complaint. Following the altercation, Farrow was transported to receive medical attention for injuries sustained to his eye.

## **PROCEDURAL HISTORY:**

Farrow filed his original Complaint against Defendants George H. Payne, Jr., Diane Riley, Wayne Payne, Phil Taylor, and various Unknown Defendants on July 1, 2005. On July 25, 2005, Farrow filed an Amended Complaint [7-1]. On August 12, 2005, Farrow filed a second Amended Complaint [9-1].

On February 14, 2007, Defendants filed their Answer [22-1]. On March 1, 2007, Defendants filed a Motion [23-1] to Stay Proceedings pending an investigation by the Department of Justice and Mississippi Bureau of Investigation into the allegations of inmate abuse levied against various officers and officials at the HCADC. Accordingly, on March 7, 2007, the Court entered an Order [25-1]

placing the case on the inactive docket, and stating that, upon notification that the criminal investigation had concluded, the Court would place the matter back on the active docket.

On September 26, 2007, the Court entered an Order [29-1] Reopening Case, and the matter was placed back upon the active docket.

On August 14, 2008, Defendants filed a Motion [73-1] for Summary Judgment which was accompanied by a Memorandum [79-1] in Support. On August 25, 2008, Farrow filed a Motion [84-1] to Amend Complaint to add the names of previously Unknown Defendants. On September 4, 2008, Farrow filed his Response [85-1] in Opposition to Defendants' Motion for Summary Judgment. Defendants filed their Rebuttal [87-1] on September 11, 2008.

On September 26, 2008, the Court granted Farrow's Motion to Amend by Order [88-1]. On October 21, 2008, the Court entered a Report and Recommendation to grant Defendants' Motion for Summary Judgment as to Farrow's allegations concerning failure to train or supervise the employees of the HCADC. On November 20, 2008, the Court adopted the previously entered Report and Recommendation by Order [96-1] and dismissed with prejudice all claims against Defendants Payne, Jr., Riley, Payne, and Taylor.

Farrow filed his Amended Complaint [105-1] on January 30, 2009. As amended, Farrow's Complaint sought individual capacity claims against a number of HCADC employees including Defendants Teel, Polk, Couvillon, Stolze, and Wills. Summonses were issued by Order [108-1] on February 3, 2009. Defendant Teel's counsel entered an appearance on his behalf on March 5, 2009, and filed a Motion [113-1] to Dismiss. Defendant Polk was served on March 3, 2009, and timely filed her Answer [117-1] on March 23, 2009. Defendant Couvillon was served on March 3, 2009, and filed a Motion [123-1] to Dismiss on April 15, 2009. Defendant Stolze's counsel entered an appearance on his behalf on April 21, 2009, and filed a Motion [133-1] to Dismiss that same day.

Finally, Defendant Wills was served on April 29, 2009, and he filed a Motion [145-1] to Dismiss on May 1, 2009.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir.1996). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

## APPLICABLE LAW & ANALYSIS:

In their Motions to Dismiss, Defendants Polk, Stolze, Wills, Couvillon, and Teel (hereinafter referred to as "Defendants") contend that Farrow's claims should be dismissed as barred by the applicable statute of limitations. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones vs Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)(citations omitted).

Farrow's original Complaint was filed pursuant to 42 U.S.C. § 1983, and thus the applicable statute of limitations is determined by the forum state's personal injury limitations period *Jacobsen v. Osborne,* 133 F.3d 315, 319 (5th Cir.1998). Accordingly, Farrow's Section 1983 claims are governed by Mississippi's general three-year statute of limitations set forth in MISS. CODE ANN. § 15-1-49. *See e.g.*, *Hubbard v. Miss. Conf. of the United Methodist Church*, 138 F.Supp.2d 780, 781-2

(S.D. Miss. 2001).

As previously noted, Farrow's alleged constitutional deprivation occurred on September 16, 2004. Pursuant to the applicable limitations period provided by MISS. CODE ANN. § 15-1-49, Farrow had three years, or until September 16, 2007, to timely file his Amended Complaint against Defendants. However, the record reflects that Farrow did not file his Amended Complaint [105-1] against Defendants until January 30, 2009 - more than five hundred and three (503) days after the statute of limitations had run. Furthermore, assuming without so finding, that Farrow was entitled to equitable tolling of the statute of limitations for the period in which the present action was stayed, the Court concludes that Farrow's Amended Complaint is still untimely filed. The Court stayed Farrow's case by Order on March 7, 2007, and lifted the stay by Order on September 26, 2007 - a period of only two hundred and four (204) days. Even with the period of the stay taken into consideration, Farrow's Amended Complaint was filed at least two hundred and ninety nine (299) days beyond the applicable three-year limitations period provided by MISS. CODE ANN. § 15-1-49.

The Court further finds that Farrow's Amended Complaint does not "relate back" to July 1, 2005, the date on which he filed his original Complaint. Farrow's original Complaint was filed against various Unknown Defendants, and in his Motion [84-1] to Amend, Farrow stated that "since the filing of the complaint [he] has determined [ . . . ] the names of some of the John Doe Defendants." Thereafter, Plaintiff filed his Amended Complaint identifying the previously unknown defendants as the present Defendants. However, the Fifth Circuit has held that an amendment to substitute a named party for a John Doe or other unknown party does not relate back under Federal Rule of Civil Procedure 15(c). *See Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008). "'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" *Jacobsen v. Osbourne*,

133 F.3d 315, 321 (5th Cir. 1998)(quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2nd Cir. 1995)). Accordingly, the Court finds that Farrow's Amended Complaint is time-barred pursuant to MISS. CODE ANN. § 15-1-49, and all claims against Defendants should be dismissed with prejudice.

### **CONCLUSION**:

The Court notes that Farrow is proceeding *pro se*, and has viewed the Complaint and amended pleadings in a liberal fashion. However, after a thorough review of the record, the Court concludes that Farrow's Amended Complaint was filed outside the applicable three-year limitations period provided by MISS. CODE ANN. § 15-1-49. Furthermore, the Court finds that Farrow's amended pleadings are not subject to the relation back doctrine under FED. R. CIV. P. 15(c). Accordingly, the Court finds that the Defendants' Motions to Dismiss should be granted, and all claims against Defendants should be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the ___10th___ day of July, 2009.

                                                    s/ John M. Roper

                                                  CHIEF UNITED STATES MAGISTRATE JUDGE