IN THE UNITED STATE DISTRICT
COURT FOR THE SOUTHERN DISTRICT of
MISSISSIPPI SOUTHERN DIVISION



JAMES FARROW                                PLAINTIFF

V                                CASE NO. 1:05cv326 LG-JMR

SONIA POLK, PRESTON WELLS, KARL STOLZE,
RYAN TEEL, DR LANNY COUVILLON ET AL.        DEFENDANTS

MOTION IN RESPONDS AGAINST DISMISSAL
OF REPORT AND RECOMMENDATION

ON SEPT 16, 2004 PRESTON WELLS GROUNDED MY GROIN OR TESTES WITH A GLOVED HAND SOKED IN O.C. SPAY THREE DIFFERENT TIMES THAT I WAS BEATEN UNCONSCION BY MANY OTHER DEFENDANTS AND WAS WOKE UP BY SAID ACTIONS MISS STATUTE MAYHEM 97-3-59 AND SEXUAL BATTERY 97-3-95 THE DEFENDANT BEAT ME TO BAD TO WALK SO THEY DRAGED ME AND CONTINUALY BEAT PLAINTIFF TO THE CLINIC DOOR THEN TEEL AND NECAISE RAMED PLAINTIFF INTO THE IRON DOOR SEVERAL TIMES BECAUSE IT WOULD NOT OPEN IT WAS LOCKED WHEN THE OFFICER OF THE SEGREGATION BLOCK GOT THE KEY TO THE CLINIC DOOR AND OPEN IT

Nurse Sonia Polk came in the block and plaintiff told Nurse Polk and Capt. Taylor the defendants then Capt. Taylor said that he would oder the defendants to be restrained from plaintiff except Sgt Thomas and Sgt Mathis He said for the Sgt's to take down my report but I was afraid to be alone with them and another officer was there with me and I ask Sgt. Thomas by his last name two time after that why He let the officers do that to me and looked the other way He looked down and said nothing each time Consequently, those officers know or should have known that they were being suit exspecialy Teel, Necaise and Thomas that was told by plaintiff and that they had the same counsel or lawyers in the exact fact parallel case Jesse Lee Williams V. Harrison County and the relevance and materiality that the defendants stated that they had never heard of such a think to Capt. Taylor and Campbell in investigation relatet back to plaintiff case of the on going conspiracy of the defendants at the Harrison County Adult Detention Center.

2

Some defendants have made untimely response on August 12, 2005 Plaintiff filed a second amended complaint any plaintiff to the best of his knowledge was not given leave for discovery and was given no counsel or had no understanding to compel and for defendant counsel intentionally delayed discovery for over a year and several months til on Feb 14, 2007 Defendants have made no claim that the passage of time has in any way prejudiced their ability to defend this lawsuit. Plaintiff was in jail from 9/04 to even til he filed his complaint on 8/12/05. Tolling provision are applicable to 42 U.S.C.S. §1983 actions. For example Kentucky Revised Statutes §413.310 provided that the time of the confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action see Hardin V. Straud, 490 U.S. 536, 104 L. Ed. 2d 582, 109 S. Ct. 1998 (1989).

Where state law provides multiple statutes of limitation for personal injury actions courts considering 42 U.S.C.S. §1983 claims should borrow the general or residual statute for personal injury actions. In Mississippi the general 7 year statute of limitation of mayhem 97-3-59 and sexual battery 97-3-95 or officer rape 97-3-104 applies to 42 U.S.C.S. §1983 claims. Plaintiff request that this case not be barred.

James Fanno w/ #116411
S.M.C.I. C-2, Zone, Bed 105
P.O. Box 1419
Leakesville, MS 39451

Respectfully submitted
James